**In re: Ralph Hartford KIMBRO, Jr.; Patricia Ann Kimbro, Debtors.**

**Henry E. Hildebrand, III, Standing Trustee for Chapter 13, Appellant,**

v.

**Ralph Hartford Kimbro, Jr.; Patricia Ann Kimbro, Appellees.**

No. 08–5871.

United States Court of Appeals, Sixth Circuit.

Feb. 8, 2011.

Before: MOORE and WHITE, Circuit Judges, and OLIVER, District Judge.*

PER CURIAM.

This case squarely presents a question of statutory interpretation that had split courts nationwide and has recently been resolved by the United States Supreme Court: whether, under a provision of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), an above-median-income debtor calculating his or her projected disposable income for purposes of a Chapter 13 plan confirmation may, when using Chapter 7's "means test," deduct for a vehicle's "ownership expense" even when the debtor owns the vehicle outright and is no longer making payments on it. This circuit's Bankruptcy Appellate Panel (BAP) concluded that above-median-income debtors may claim such an expense without regard to whether they are still making payments or they own their vehicle free and clear. *In re Kimbro*, 389 B.R. 518 (B.A.P. 6th Cir. 2008). The dissenting judge would have held that a vehicle ownership expense may only be claimed if a debtor is in fact incurring such an expense. *Id.* at 532 (Fulton, J., dissenting). The Supreme Court resolved the circuit dispute against the interpretation favored by the BAP. *Ransom v. FIA Card Services, N.A.,* — U.S. —, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011). We **REVERSE** and **REMAND** to the BAP for reconsideration in light of *Ransom.*

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.